UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALTY COMPANY,

                Plaintiffs,

v.

SURPLUS SG, INC., SARIT GOSHINSKY
A/K/A SARIT GOSHINSLY, and JOHN DOES
1-10,

                Defendants.

---------------------------------------------------------------X

**REPORT & RECOMMENDATION**

24-CV-1903 (NCM) (LKE)

**Lara K. Eshkenazi, United States Magistrate Judge:**

    Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs") commenced this action for fraud and unjust enrichment, alleging that Defendants Surplus SG, Inc. ("Surplus") and Sarit Goshinsky ("Goshinsky") (collectively the "Defaulting Defendants" or "Defendants") engaged in a scheme to submit fraudulent charges for medically unnecessary medical equipment and orthotic devices for covered individuals under New York's no-fault insurance law. (*See generally* Complaint dated March 14, 2024 ("Compl."), ECF No. 1.) Defaulting Defendants did not appear. The Clerk of Court entered defaults against Defaulting Defendants on May 10, 2024. (Clerk's Entries of Default dated May 10, 2024, ECF Nos. 12-13.)

    Before the Court, on referral from the Honorable Natasha C. Merle, is Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (*See generally* "Motion," ECF No. 14.) For the reasons set forth below, the Court respectfully recommends that

the Motion should be granted as to the common law fraud claim and request for a declaratory judgment, and denied as to the unjust enrichment claim. The Court further respectfully recommends that Plaintiffs be awarded damages as set forth below.

I. **BACKGROUND**

    A. **Factual Allegations**

The following facts are taken from the Complaint (ECF No. 1), Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Default Judgment ("Pl. Mem.," ECF No. 14-7), and the Declarations of Sean Gorton ("Gorton Decl.," ECF No. 14-1) and Kathleen Asmus ("Asmus Decl.," ECF No. 14-2), and they are assumed to be true for the purposes of this motion. *See Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009) (in light of a defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in its favor).

    1. **New York's No Fault Insurance Laws**

In New York, car insurers are required to provide personal injury benefits (i.e., "no-fault benefits") to individuals who claim to have been involved in automobile accidents in New York and are eligible for coverage under no-fault insurance policies issued by GEICO ("Insureds"). (Compl., ECF No. 1 ¶¶ 18-19.) Claims for no-fault benefits are governed by a specific fee schedule and can result in up to $50,000 per Insured for medically necessary expenses. (*See id.* ¶¶ 20-21 (citing N.Y. Ins. Law § 5102(a).) Healthcare service providers that do not comply with state or city licensing requirements are ineligible to collect no-fault benefits. (Compl., ECF No. 1 ¶ 26.) Further, the relevant laws prohibit licensed providers from paying or accepting kickbacks for referrals. (*See id.* ¶ 24 (citing N.Y. Educ. Law §§ 6509-a, 6530(18), 6531; 8 N.Y.C.R.R. § 29.1(b)(3).) No-fault benefits can be used to reimburse medically necessary durable medical

2

equipment ("DME") and orthotic devices ("OD")[1] provided pursuant to lawful prescriptions from licensed providers. (*See* Compl., ECF No. 1 ¶ 35 (citing N.Y. Ins. Law § 5102(a).)  Payments for DME or OD are directly related to the fee schedule set forth by the New York State Medicaid Program. (Compl., ECF No. 1 ¶¶ 40–42.)  If a specific DME or OD does not have a fee listed in the Medicaid fee schedule, then insurers must pay healthcare service providers a percentage of the provider's cost to acquire the DME or OD or the usual and customary cost of the DME or OD charged to the public. (*Id.* ¶ 45.)

### 2. The Alleged Fraudulent Scheme

In this action, Plaintiffs are Nebraska corporations with their principal places of business in Maryland and are authorized to conduct business and underwrite automobile insurance in New York. (*Id.* ¶¶ 10, 17.)  Surplus is a New York corporation (incorporated in 2017) based in Brooklyn that sells DME and OD. (*Id.* ¶¶ 3, 11.)  Goshinsky is a New York resident who owns and operates Surplus, but he is not—and has never been—a licensed healthcare provider. (*Id.* ¶¶ 12-13.)

Beginning in 2021, Goshinsky used Surplus to submit and cause to be submitted to GEICO hundreds of fraudulent no-fault insurance claims for medically unnecessary, illusory, and otherwise non-reimbursable DME and OD. (*See id.* ¶¶ 1-3, 55.)  Defendants maintained illegal financial arrangements with unidentified third parties to which Defendants paid kickbacks to obtain prescriptions for DME and/or OD issued by referring providers. (*Id.* ¶¶ 69-90.)  Pursuant to a prearranged protocol, providers prescribed medically unnecessary DME and/or OD to Insureds, then gave the prescriptions directly to Defendants to fill to ensure that Insureds did not

---

[1] DME includes items that individuals use for medical purposes in their homes, such as bed boards, cervical pillows, orthopedic mattresses, electronic muscle stimulator units ("EMS units"), hot/cold packs, infrared heat lamps, lumbar cushions, orthopedic car seats, transcutaneous electrical nerve stimulators ("TENS units"), electrical moist heating pads (known as thermophores), and whirlpool baths. (Compl., ECF No. 1 ¶ 36.)  OD includes cervical collars, lumbar supports, knee supports, ankle supports, and other instruments that are applied to the body to align, support, or correct deformities or to improve the movement of the spine, joints, or limbs. (*Id.* ¶ 37.)

3

fill the prescriptions with legitimate DME and OD retailers. (*Id.* ¶¶ 58-62.) Additionally, Defendants improperly fulfilled vague or generic prescriptions by choosing specific DME and/or OD for Insureds that had high reimbursement rates according to the Medicaid fee schedule. (*Id.* ¶¶ 61-62.) Defendants also submitted bills to GEICO for DME and/or OD that was never actually provided to Insureds or bills that misrepresented the equipment that was provided. (*Id.* ¶¶ 65-67.)

GEICO, in turn, relied on this false information to process Defendants' claims promptly pursuant to statutory and contractual obligations, resulting in payments of over $126,000. (*Id.* ¶ 56, 198.) Defendants not only submitted claims to GEICO knowing that they included materially false information, but also hired law firms to pursue collection of the fraudulent claims from GEICO, which resulted in expensive and time-consuming litigation against GEICO if the charges were not promptly paid in full. (*Id.* ¶ 197.)

### B. Procedural History

GEICO initiated this action in March 2024. (Compl., ECF No. 1.) Subsequently, GEICO served Goshinsky with process on March 20, 2024, and Surplus with process on April 5, 2024. (*See* ECF Nos. 8-9.) After Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered certificates of default against them. (ECF Nos. 12-13.)

GEICO moved for default judgment in June 2024, seeking compensatory damages, prejudgment interest, and a declaratory judgment. (ECF No. 14.) Judge Merle referred the motion for a report and recommendation. (June 13, 2024 Order.) To date, Defendants still have not appeared in this case or responded to Plaintiffs' motion.

## II.  STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)-(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir.

4

2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). First, when a plaintiff shows, such as by affidavit, that a defendant has "failed to plead or otherwise" defend against an action, the Clerk of Court shall enter a default. Fed. R. Civ. P. 55(a). Second, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G'S Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). A court may enter default judgment if the plaintiff establishes liability as a matter of law when the factual allegations of the complaint are taken as true. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

### III. JURISDICTION AND VENUE

#### A. Subject Matter Jurisdiction

The Court has original jurisdiction over this action because the amount in controversy exceeds $75,000 and this action is between citizens of different states. 28 U.S.C § 1332(a)(1). A corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Plaintiffs are Nebraska corporations with their principal places of business in Maryland. (Compl., ECF No. 1 ¶ 10.) Surplus is a New York corporation with its principal place of business in New York, and Goshinsky is a resident and citizen of New York. (*Id.* ¶¶ 11-12.) Plaintiffs seek compensatory damages exceeding $75,000. (*Id.* ¶ 9.) Thus, GEICO satisfies the requirements for subject matter jurisdiction.

5

### B. Service of Process

"For a federal court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Windward Bora LLC v. Valencia*, No. 19-CV-4147 (NGG)(RER), 2020 WL 6470293, at *2 (E.D.N.Y. Oct. 16, 2020), *adopted by* 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020). Here, the Court has personal jurisdiction over Defendants. First, GEICO properly served Surplus with process by delivering copies of the Summons and Complaint to the New York Secretary of State. (ECF No. 9); Fed. R. Civ. P. 4(h)(1)(A), (e)(1); N.Y. Bus. Corp. Law § 306(b). Second, GEICO properly served Goshinsky by delivering a copy of the Summons and Complaint with a person of suitable age and discretion at his home and then mailing a copy to his last known address. (ECF No. 8); Fed. R. Civ. P. 4(e); N.Y.C.P.L.R. § 308(2).

### C. Venue

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A corporation is deemed to be a resident of "any district" in "a state which has more than one judicial district and in which . . . [that] corporation is subject to personal jurisdiction at the time an action is commenced." 28 U.S.C. § 1391(d). As alleged, Surplus is a New York corporation with a principal place of business in Brooklyn, New York; therefore, venue in New York is proper for this defendant. Venue is also proper for Goshinsky because he resides in Brooklyn, New York, and is the owner of and controls Surplus. 28 U.S.C § 1391(b)(1).

## IV. DEFAULT JUDGMENT FACTORS

Courts use a three-factor test to determine whether to grant a default judgment. *See Avail 1 LLC v. Latif*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020).

Specifically, courts examine "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)).

As to the first factor of willfulness, a defendant's failure to answer a complaint and respond to a motion for default judgment is considered willful. *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346 (DRH)(AKT), 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019), *adopted by* 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and 'entirely unresponsive,' defendant's failure to respond is considered willful."). Because Defaulting Defendants were properly served and Defaulting Defendants have failed to respond to the motion for default judgment, their conduct should be considered willful.

Second, without an answer to the Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021). As noted, Defaulting Defendants have failed to answer or provide any defense to GEICO's claims. Accordingly, this factor weighs in favor of entry of a default judgment.

Third, Plaintiffs will be prejudiced if the motion for default judgment is denied because they have "no alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 709 (E.D.N.Y. 2017). In other words, "[w]ithout the entry of a default judgment, [GEICO] would be unable to recover for the claims adequately set forth in the Complaint." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB)(SJB), 2019 WL 312149, at *4 (E.D.N.Y. Jan. 3,

7

2019) (quoting *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS)(AKT), 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015)). Based on the foregoing, entry of default judgment is permissible.

## V.    LIABILITY

### A.  Joint and Several Liability

GEICO seeks to hold Surplus and Goshinsky jointly and severally liable. (Pl. Mem., ECF No. 14-7 at 20-21). New York law provides that a court must hold defendants jointly and severally liable for all harm resulting from their conduct where defendants acted jointly and/or concurrently to produce a single injury. *See e.g., Gov't Emps. Ins. Co. v. Elmwood Park Med. Grp., P.C.*, No. 21-CV-617 (FB)(RER), 2022 WL 772737, at *10 (E.D.N.Y. Feb. 23, 2022), *adopted by* 2022 WL 768360 (E.D.N.Y. Mar. 14, 2022); *Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, No. 19-CV-4414 (KAM)(RLM), 2022 WL 17774929, at *12 (E.D.N.Y. June 24, 2022), *adopted* (E.D.N.Y. Aug 1, 2022). "[A]n injury is divisible for the purposes of determining joint and several liability where there has been a clear allocation of fault between each defaulting defendant." *Elmwood*, 2022 WL 772737, at *10 (quotation marks omitted) (collecting cases).

Here, GEICO sufficiently alleges joint and several liability as to Surplus and Goshinsky. According to the Complaint, Goshinsky owns and controls Surplus and was directly involved in submitting fraudulent claims to GEICO through those entities. (*See* Compl., ECF No. 1 ¶¶ 2-3, 11, 55-68.) The alleged harm to GEICO is indivisible between Goshinsky as the owner and operator of Surplus. *See Elmwood*, 2022 WL 772737, at *10 (finding joint and several liability adequately alleged for individual owner and entity where individual was a direct participant in the submission, or cause of the submission, of fraudulent claims). Accordingly, the Court finds that joint and several liability is appropriate as to Surplus and Goshinsky.

### B. Common Law Fraud

GEICO alleges common law fraud against each of the Defaulting Defendants. "To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Gov't Emps. Ins. Co. v. Parkway Med. Care, P.C.*, No. 15-CV-3670 (FB)(VMS), 2017 WL 1133282, at *7 (E.D.N.Y. Feb. 21, 2017) (citing *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015)), *adopted by* 2017 WL 1131901 (E.D.N.Y. Mar. 24, 2017). Additionally, in federal court, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As a result, a plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (citation omitted).

#### 1. Material Misrepresentations

GEICO has met the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Attached to the Complaint is an exhibit chart detailing Surplus' claim submissions for services between November 18, 2021, and November 28, 2022, showing, *inter alia*, the relevant dates, the provider for each claim, product descriptions, and the amount of each claim. (Compl. Ex. 1, ECF No. 1-3.) Courts in this district have found that similar charts detailing relevant dates, claim numbers, and amounts paid are sufficient to meet the Rule 9(b) pleading standard. *See Gov't Emps. Ins. Co. v. Erlikh*, No. 16-CV-7120 (DLI)(SJB), 2019 WL 1487576, at *5 (E.D.N.Y. Feb. 28, 2019) (citing *Allstate Ins. Co. v. Lyons*, 843 F. Supp. 2d 358, 373 (E.D.N.Y. 2012)). GEICO

9

alleges that each of the claims contained one or more fraudulent statements or omissions, including, *inter alia*, that the prescriptions underlying the no-fault payments were the product of an illegal kickback scheme and Surplus processed vague prescriptions to match high-rate DME/OD fees. (*See, e.g.,* Compl., ECF No. 1 ¶¶ 1-8, 139-70; Compl. Ex. 1, ECF No. 1-3.)

### 2. Knowledge and Intent to Defraud

Despite Rule 9(b)'s particularity requirement, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021) (quoting Fed. R. Civ. P. 9(b)). A plaintiff must plead facts "that give rise to a strong inference of fraudulent intent." *Loreley Fin.*, 797 F.3d at 171 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006)). "That inference can be demonstrated either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Sulieman v. Igbara*, 599 F. Supp. 3d 113, 121 (E.D.N.Y. 2022).

Here, GEICO's particularized allegations regarding Defendants' materially false statements, combined with the allegations of Goshinky's knowledge regarding of those false statements, constitutes strong circumstantial evidence of Defendants' conscious misbehavior or recklessness. *Erlikh*, 2019 WL 1487576, at *6. For instance, Defendants purportedly submitted bills to GEICO with false reimbursement rates that indicated the items provided to Insureds were expensive and high quality when they were, in reality, cheap and poor quality. (Compl., ECF No. 1 ¶¶ 66-68.) Additionally, GEICO alleges that Defendants misrepresented that they custom fitted medical equipment billed to GEICO in order to increase billing amounts, even though Goshinsky is not a certified orthotist authorized to custom fit medical equipment. (*See* Compl., ECF No. 1 ¶¶

10

157-65.) Thus, GEICO has alleged facts sufficient to raise an inference of Defendants' knowledge and intent to defraud.

### 3. Reasonable Reliance and Injury

As for reasonable reliance, GEICO sufficiently alleges that Defendants conveyed fraudulent statements or omissions on which GEICO reasonably and detrimentally relied. In particular, GEICO asserts that "[t]he facially valid documents submitted to GEICO in support of the fraudulent charges at issue, combined with the material misrepresentations and fraudulent litigation activity described above, were designed to, and did cause GEICO to rely upon them. As a result, GEICO incurred damages of more than $126,000.00 based upon the fraudulent charges." (Compl., ECF No. 1 ¶ 198.) Plaintiffs' allegations that Defendants concealed their fraud and submitted "facially valid documents" in support of the fraudulent charges satisfy the requirement that Plaintiffs' reliance was reasonable. *See Erlikh*, 2019 WL 1487576, at *6-7 (finding reasonable reliance where defendants "actively concealed their fraudulent scheme" and "GEICO had limited ability and opportunity to investigate the legitimacy of apparently valid claims"). Therefore, GEICO's allegations are sufficient to establish common law fraud.

### C. Unjust Enrichment

To prevail on a claim of unjust enrichment, a plaintiff must "establish: (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Parkway*, 2017 WL 1133282, at *8 (citing *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)).

GEICO alleges that the Defaulting Defendants benefited, in the amount of $126,883.40, at GEICO's expense. (Gorton Decl. ¶ 12; Asmus Decl. ¶ 12, Ex. 1.) As described above, Defaulting Defendants submitted fraudulent bills seeking reimbursement to which they knew they were not

11

entitled, and GEICO relied on the "facially-valid documents" and paid the bills promptly. (Compl., ECF No. 1 ¶ 198.) Because Defaulting Defendants were not entitled to that payment, GEICO has adequately pled that the payment was at its expense. *See Parkway*, 2017 WL 1133282, at *8 (collecting cases).

GEICO's unjust enrichment claims are based on the same transactions and conduct as the common law fraud claims. GEICO refers to Defaulting Defendants' "improper, unlawful, and/or unjust acts" as the basis for an unjust enrichment cause of action, but these "acts" clearly refer to Defaulting Defendants' alleged conduct in executing the fraudulent no-fault billing scheme. (*Compare, e.g.*, Compl., ECF No. 1 ¶¶ 208-14 (fraud allegations against Surplus and Goshinsky), *with id.* ¶¶ 215-20 (unjust enrichment claims against the same defendants).) Therefore, finding liability on the unjust enrichment claims is not appropriate. *Elmwood*, 2022 WL 772737, at *9 (recommending denial of plaintiff's unjust enrichment claims because they were duplicative of the common law fraud claims); *Allstate Ins. Co. v. Nazarov*, No. 11-CV-6187 (PKC)(VMS), 2015 WL 5774459, at *16 (E.D.N.Y. Sept. 30, 2015) (finding plaintiffs had not adequately pled unjust enrichment claims that rely on the same facts as their common law claims); *Erlikh*, 2019 WL 1487576, at *7–8 (same). Accordingly, the Court respectfully recommends that GEICO's motion should be denied with respect to the unjust enrichment claims in the Complaint.

## VI.   **DAMAGES**

Even though a party's default is deemed to be a concession of all well-pleaded allegations of liability, that default is not considered an admission of damages. *See Bricklayers*, 779 F.3d at 189. Rather, "[t]he Plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-6476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *adopted by* 2020

WL 5517240 (E.D.N.Y. Sept. 14, 2020). Here, GEICO seeks (1) compensatory damages of $126,883.40 from Surplus and Goshinsky jointly and severally and (2) prejudgment interest. (Gorton decl., ECF No. 14-1 ¶¶ 12, 15-16.)

### A. Compensatory Damages

GEICO seeks reimbursement of the amounts that it has paid to Defaulting Defendants in connection with the fraudulent claims submitted by them. (*Id.* ¶ 7.) GEICO has submitted extensive charts of payments GEICO made to Surplus in connection with Defaulting Defendants' no-fault insurance reimbursement claims. (Asmus Decl., ECF 14-2 ¶ 5; Asmus Decl., ECF 14-2, Ex. 1.) These records were generated using GEICO's "earnings reporting system," which generates tax reporting forms whenever GEICO issues payments to healthcare providers and tracks the payments using tax identification number or "TIN". (Asmus Decl., ECF No. 14-2 ¶ 5.) Courts in this Circuit have found this method to be reliable in calculating fraud damages. *See, e.g., Elmwood*, 2022 WL 772737, at *10. The TIN Run submitted by GEICO shows each payment GEICO made to Defaulting Defendants from January 27, 2022, to July 29, 2023. (Asmus Decl., Ex. 1.) The TIN Run indicates that GEICO paid a total of $126,883.40 to the Defaulting Defendants. (*Id.* ¶ 8.)

Accordingly, the Court respectfully recommends that GEICO be awarded $126,883.40 in compensatory damages based on their common law fraud claim against Surplus and Goshinsky.

### B. Prejudgment Interest

GEICO also seeks prejudgment interest at a rate of nine percent per year. In diversity cases, New York law governs the award of prejudgment interest. *Elmwood*, 2022 WL 772737, at *11 (citing *Terwilliger v. Terwilliger*, 206 F.3d 240, 249 (2d Cir. 2000)). Under New York law, an award of prejudgment interest on damages awarded for fraud is mandatory. *See* N.Y.C.P.L.R.

§ 5001; *Mfrs. Hanover Tr. Co. v. Drysdale Sec. Corp.*, 801 F.2d 13, 28 (2d Cir. 1986). Prejudgment interest in New York accrues at the rate of nine percent per year. N.Y.C.P.L.R. § 5004(a). "Where ... damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* § 5001(b). Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icabn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994).

GEICO's proposed prejudgment interest calculations are set forth in paragraphs 13 through 16 of the Gorton Declaration. (ECF No. 14-1.) GEICO used a less advantageous method for calculating interest by grouping all payments made during a quarter and using the 9% per year interest rate starting the first day of the quarter following GEICO's payment. (*See id.*) The Court recommends that GEICO be awarded prejudgment interest at 9% per year, beginning on the first day of the quarter following GEICO's payments through the date of the entry of judgment. *See Gov't Emps. Ins. Co. v. Davy*, No. 22-CV-6158 (HG)(SJB), 2024 WL 4294530, at *10 (E.D.N.Y. Feb. 16, 2024). The Court recommends that the 9% per year interest rate be awarded on the following amounts, from the dates indicated until the date that judgment is entered:

| Amount Paid | Billing Period | Interest Commencement Date | Per Diem Interest |
|---|---|---|---|
| $39,107.06 | 01/01/22-03/31/22 | 04/01/2022 | $9.64 |
| $71,210.59 | 04/01/22-06/30/22 | 07/01/2022 | $17.56 |
| $11,095.70 | 07/01/22-09/30/22 | 10/01/2022 | $2.74 |
| $1,592.99 | 10/01/22-12/31/22 | 1/01/2023 | $0.39 |
| $1,309.27 | 01/01/23-03/31/23 | 04/01/2023 | $0.32 |
| $2,567.79 | 07/01/23-09/30/23 | 10/01/2023 | $0.63 |

14

## VII.  DECLARATORY JUDGMENT

GEICO also seeks entry of a declaratory judgment against Defaulting Defendants, pursuant to the Declaratory Judgment Act ("DJA"), which declares that GEICO has no obligation to pay the previously submitted and unpaid bills that Surplus submitted to GEICO.  The DJA provides that a court may exercise its discretion to issue a declaratory judgment in cases where the party seeking the declaratory judgment can demonstrate the existence of an actual case of controversy. *See* 28 U.S.C. § 2201-02.  "Declaratory relief is appropriate (i) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (ii) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." *Parkway*, 2017 WL 1133282, at *9.  "Courts within this district have, on numerous occasions, found these requirements met in actions by insurers seeking declaratory judgments regarding obligations relating to allegedly fraudulent claims." *Id.*

GEICO has established that an actual controversy exists and that a declaratory judgment would afford specific and conclusive relief as to its pending claims.  As discussed above, Plaintiffs contend that GEICO has already paid out more than $126,000 on fraudulent claims. (Asmus Decl., ECF 14-2, Ex. 1.)  Plaintiffs claim that Defaulting Defendants have 220 outstanding bills to GEICO in excess of $140,000. (*Id.* ¶ 12, Ex. 3.)  GEICO has provided a list of the claims, including the amounts involved, the claim numbers, and the date each claim was billed to GEICO. (*Id.* Ex. 3.)  Plaintiffs have adequately alleged that these pending claims are fraudulent for the same reasons that the claims GEICO already paid to Defaulting Defendants were fraudulent. (Compl., ECF 1 ¶¶ 200-07.)  Accordingly, Plaintiffs have established that there is an actual controversy as to which a declaratory judgment would afford specific relief.

15

Accordingly, the Court respectfully recommends that a declaratory judgment be entered that GEICO is not obligated to pay any of the outstanding claims submitted by the Defaulting Defendants.

## VIII. CONCLUSION

Based on the foregoing, the Court respectfully recommends that Plaintiffs' motion be granted as to their common law fraud claims and denied as to their unjust enrichment claims. The Court respectfully recommends that: (1) a default judgment be entered against Defendants for common law fraud; (2) Plaintiffs be awarded $126,883.40 in compensatory damages jointly and severally against Surplus and Goshinsky, with prejudgment interest as calculated above to accrue at an annual rate of nine percent until entry of judgment; and (3) a declaratory judgment be entered that Plaintiffs have no obligation to pay any of the outstanding claims submitted by the Defaulting Defendants.

A copy of this Report and Recommendation is being served on GEICO via ECF. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendants at the following addresses forthwith: (1) Surplus SG, Inc., 141 Quentin Road, Brooklyn, New York 11223; (2) Sarit Goshinsky a/k/a Sarit Gohinsly, 2898 West 8th Street, Apt. 15L, Brooklyn, New York 11224.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Merle. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
October 9, 2024

_Lara K. Eshkenazi_
LARA K. ESHKENAZI
United States Magistrate Judge
